UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARILYN PARKER and TIM McMAHON, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> THE MACON COUNTY SOIL and WATER ) <br> CONSERVATION DISTRICT, ) <br> ) <br> Defendant. ) | Case No. 09-CV-2163 |

## OPINION

This case is before the court for ruling on the Motion to Dismiss (#4) filed by Defendant, the Macon County Soil and Water Conservation District. Both the Motion to Dismiss (#4) and the Memorandum in Opposition (#13) filed by Plaintiffs, Marilyn Parker and Tim McMahon, present matters outside the pleadings. Accordingly, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, this court is treating the Motion to Dismiss as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. This court has carefully considered the arguments of the parties and the documents presented by the parties. Following this careful and thorough consideration, Defendant's Motion to Dismiss (#4) is DENIED.

BACKGROUND

On July 2, 2009, Plaintiffs filed their Complaint (#1) in this case. Plaintiffs alleged that they suffered discrimination on the basis of their age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626 et seq. Parker alleged that she was discriminated against during the year 2006 and McMahon alleged that he was discriminated against when his employment was terminated in 2007. On September 8, 2009, Defendant filed its Motion to Dismiss (#4). Defendant pointed out that the ADEA is only applicable to employers who have 20 or more

employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. 29 U.S.C. § 630(b). Defendant argued that it did not have 20 or more employees for each working day in each of 20 or more calendar weeks during the relevant calendar years and is therefore not an "employer" as defined by the ADEA.

Defendant attached the affidavit of Linda Good, dated September 4, 2009, to its Motion. In her affidavit, Good stated that she is administrative coordinator for Defendant and has held that position since November 2000. She stated that she has personal knowledge of the personnel employed by Defendant in the years 2005 through 2007 and could testify competently thereto. Good stated that, with respect to the claim by Parker, Defendant did not have 20 or more employees for each working day in each of 20 or more calendar weeks between January 1, 2005, and December 31, 2006. Good also stated that, with respect to the claim by McMahon, Defendant did not have 20 or more employees for each working day in each of 20 or more calendar weeks between January 1, 2006, and December 31, 2007. Good listed the employees of Defendant during the relevant time periods and the lists showed that Defendant did not come close to having 20 employees at any relevant time.

Defendant also filed a Memorandum in Support of Motion to Dismiss (#5). Defendant argued that it is entitled to summary judgment because it does not meet the definition of "employer" under the ADEA. Defendant argued that the Seventh Circuit has ruled that the ADEA's 20-employee requirement applies to government employers, such as Defendant. See Kelly v. Wauconda Park Dist., 801 F.2d 269, 271-73 (7th Cir. 1986). Defendant further noted that the Seventh Circuit, in Schaefer v. Transp. Media, Inc., 859 F.2d 1251, 1254 (7th Cir. 1988) reiterated that the 20-employee minimum applies to all government employers, including states, political

2

subdivisions and interstate agencies. Defendant argued that, because it is not an "employer" as defined in the ADEA, Plaintiffs cannot state a cause of action under the ADEA so that Plaintiffs' Complaint must be dismissed with prejudice.[1]

On October 23, 2009, Plaintiffs filed a Memorandum in Opposition to Defendant's Motion to Dismiss (#13). Plaintiffs noted that, because Defendant relied on information outside the pleadings, the affidavit of Linda Good, the Motion to Dismiss must be treated as a motion for summary judgment and considered in accordance with the standard set forth in Rule 56. Plaintiffs did not dispute that Defendant itself did not have 20 or more employees at any time relevant to their claims. Plaintiffs argued, however, that an employer who falls beneath the 20 employee threshold established by the ADEA may nonetheless be considered an "employer" under the ADEA because of its affiliation with another entity. Based upon Schaefer, Plaintiffs argued that, in that situation, the aggregate number of employees of both entities are considered in determining whether the 20 employee requirement has been met. Plaintiff recognized that, in order to bridge the 20 employee requirement, the affiliated entity must have some supervisory control over the defendant-employer. Plaintiffs contended that Defendant is affiliated with the Illinois Department of Agriculture (Department), which does employ more than 20 employees, so that Defendant satisfies the requirements for being considered an "employer" within the meaning of the ADEA.

Plaintiffs attached extensive documentation to their Memorandum. The exhibits showed that the Department employed more than 20 employees at all pertinent times. Defendant receives grants

---

[1] This court notes that Defendant has argued that, if Defendant does not meet the definition of "employer" under the ADEA, this court lacks subject matter jurisdiction over this case. Defendant is incorrect. "[A] district court does not lack subject matter jurisdiction in cases where the defendant fails to meet the statutory definition of 'employer.'" See Komorowski v. Townline Mini-Mart & Rest., 162 F.3d 962, 964 (7th Cir. 1998).

from the Department to underwrite both a portion of its operating budget and to pay the salaries of its resource conservationist and its administrative coordinator. The Department required Defendant to provide a cost of living increase to both the resource conservationist and administrative coordinator. In addition, the Department established the starting salary of a first year resource conservationist. A resource conservationist employed by a soil and water conservation district in Illinois may transfer from one district to another when vacancies occur, and benefits earned by the individual related to years of service are transferred with the employee.

Except for the operating expenses related to the Lake Decatur Watershed, at least 50% of Defendant's operating budget was funded by the Department. Defendant received funds from the Department to pay its share of premium costs for a group health insurance plan created by 98 soil and water conservation districts in Illinois pooling together. The Department required Defendant to submit a monthly report, an annual report and an annual budget to the Department.

The Department published and distributed the District Operational Handbook (Handbook). Because it received a grant from the Department, Defendant was required to follow the terms of the Handbook, part of which was devoted to personnel practices. The Department assigned a Regional Representative as a liaison between the Department and Defendant who oversaw and monitored Defendant's activities to make sure it was complying with the Handbook.

The Department required Defendant, as a condition of receiving grant funds, to enter into a written employment agreement annually with each of its employees. The Department prepared the form of the agreement and provided it to Defendant. The Department specified the duration of the agreement, who was to sign it, and the terms of the agreement. The terms of the form agreement provided that the employer and employee agreed to adhere to the employment policies and minimum

standardized benefits contained in the Handbook. The Handbook required Defendant to prepare written personnel policies, including a sexual harassment and drug free workplace policy. The Handbook also required Defendant to prepare a personnel file for each of its employees. Defendant was required to compile and report to the Department, as part of a monthly report, information from employee timesheets. The Department required Defendant to conduct periodic performance evaluations of its employees.

Plaintiffs argued that, based upon these facts, summary judgment should not be granted to Defendant. Plaintiffs contended that a legal relationship exists between Defendant and the Department, pursuant to the Soil and Water Conservation Districts Act (Act), 70 Ill. Comp. Stat. 405/1 et seq., which gives the Department a significant role in the organization, operation and dissolution of soil and water conservation districts such as Defendant. Plaintiffs argued that, in an operational sense, there is an affiliation between Defendant and the Department such that the Department exercises supervisory control over many of the activities of Defendant, particularly with regard to personnel matters. Plaintiffs argued that the Department clearly has "some supervisory control" over Defendant because the Act provides that the Department oversees the creation, dissolution and much of the ongoing operation of districts such as Defendant, including personnel matters, and funds much of Defendant's operating expenses. Plaintiffs argued that, pursuant to Schaefer, employees of the Department should be considered in determining whether the 20-employee threshold is satisfied.

On November 24, 2009, this court entered a text order and granted Defendant's Motion for Leave to File Reply. Defendant's Reply (#16) was therefore filed on November 24, 2009. In its Reply, Defendant argued that Plaintiffs argument was based upon dicta in Schaefer which did not

5

form the basis for the court's ruling. Defendant also argued that, even if this court chose to apply the Seventh Circuit's dicta to this case, the relationship between Defendant and the Department is not such that the court should find that the Department's number of employees counts toward the ADEA's 20-employee minimum. Defendant argued that, based upon the Act, the relationship between the Department and Defendant is clearly advisory rather than supervisory. In addition, Defendant argued that, even if this court accepts Plaintiffs' argument, this case still must be dismissed because the Department was not joined as a Defendant.

## ANALYSIS

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Burwell v. Pekin Cmty. High Sch. Dist. 303, 213 F. Supp. 2d 917, 929 (C.D. Ill. 2002). Summary judgment is only proper if the record shows "that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); see also Celotex Corp., 477 U.S. at 322-23.

### II. ADEA CLAIMS

"The ADEA prohibits an employer from discriminating against an employee because of his age." Mach v. Will County Sheriff, 580 F.3d 495, 498 (7th Cir. 2009). The ADEA provides, in pertinent part:

> The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in current or preceding calendar year . . . . The term also means (1) any agent of such a person, and (2) a state or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State . . . .

29 U.S.C. § 630(b). As noted previously, there is no dispute in this case that Defendant did not have 20 or more employees at any time during the relevant time period. While Plaintiffs have refused to concede that the 20 employee requirement applies to government employers, they do not dispute that the Seventh Circuit has so held. In Schaefer, the Seventh Circuit stated that "we find the district court's interpretation of § 630(b) extending the twenty-employee minimum to all government employers, including states, political subdivisions and interstate agencies, to be not only reasonable but also supported by both the legislative history of the statute and existing case law, specifically, Kelly v. Wauconda Park District[, 801 F.2d at 271-73]." Schaefer, 859 F.2d at 1254.

Plaintiffs argue, however, that a "symbiotic" relationship exists between Defendant and the Department so that Defendant satisfies the requirements for being considered an "employer" within the meaning of the ADEA. In Schaefer, the Seventh Circuit stated that it agreed that an "'agency or instrumentality' of a state or political subdivision need not meet the twenty-employee minimum

if the larger entity with which it was associated meets that requirement." Schaefer, 859 F.3d at 1254. The court went on to say that "it is reasonable to conclude that a governmental agency may also be held liable under the ADEA even though the agency itself does not meet the twenty-employee minimum, as long as the larger governmental entity of which it is an agency does." Schaefer, 859 F.2d at 1254-55. The court in Schaefer stated that a determination of "agency" for purposes of the ADEA would require the larger governmental entity to have some supervisory control over the defendant. See Schaefer, 859 F.2d at 1255. The court stated:

> Such control would be indicated if the terms of employment such as pay, hours, and benefits are fixed by the [larger governmental entity] rather than the [defendant]. Other facts that assist in making a judgment would be the source of funds for salary and wages, whether the employees of the two parties have a common pension fund, and whether the employees are subject to a common civil service employment and grievance policy.

Schaefer, 859 F.2d at 1255, citing Rogero v. Noone, 704 F.2d 518, 522 (11th Cir. 1983) (Clark, J., specially concurring); see also Uhlman v. Panares, 2009 WL 799536, at *3 (N.D. Ind. 2009). Therefore, to determine whether Defendant was, in fact, an "agency or instrumentality" of the Department requires an analysis of the degree of control the Department exercised over Defendant. See Uhlman, 2009 WL 799536, at *3, citing Schaefer, 859 F.2d at 1255.

In support of its argument that an issue of fact exists regarding whether the Department's employees can be considered in determining whether Defendant is an "employer" under the ADEA, Plaintiffs attached the affidavit of Marilyn Parker. Plaintiffs also attached a copy of the

8

Department's Handbook regarding personnel matters, which consists of 48 pages setting out detailed requirements for handling matters involving employees as well as an additional 9 pages of personnel policies. In addition, Plaintiffs attached a copy of the employee contract required by the Department. The documentation provided by Plaintiffs shows that the Department is clearly involved in Defendant's personnel matters and sets out numerous requirements for Defendant to follow. Based upon the documentation provided by Plaintiffs, this court cannot determine that there is no genuine issue of material fact regarding whether the Department had sufficient control over Defendant's personnel matters so that Defendant was, in fact, an agent of the Department for purposes of the ADEA.

As noted, Defendant contends that the language Plaintiffs have relied on from Schaefer is dicta. However, this court concludes that it is an accurate statement of the law. See Uhlman, 2009 WL 799536, at *3 (relying on Schaefer). This court therefore concludes that a genuine issue of material fact exists and Defendant is not entitled to dismissal of Plaintiffs' claims under the ADEA.

Defendant has also argued that Plaintiffs' ADEA Complaint should be dismissed because Plaintiffs did not name the Department as a Defendant, citing Rogero. In Rogero, the Eleventh Circuit held that a discrimination suit against a tax collector, whom the plaintiff claimed was the agent of a larger political subdivision, Putnam County, could not stand without making Putnam County a party to the action. Rogero, 704 F.2d at 520-21. The court stated that, because the plaintiff had argued that she should be permitted to aggregate the total number of Putnam County workers in order to meet the required number of employees, "[l]ogic would dictate, then, that Putnam County is the actual employer and hence, the real party in interest in this case." Rogero, 704 F.2d at 520. In Schaefer, the Seventh Circuit ultimately decided that the district court properly

9

dismissed the plaintiff's action because the defendant did not have the required number of employees under the ADEA and the plaintiff did not show that the defendant was a "governmental agency or instrumentality" within the meaning of § 630(b)(2) so that the employees of the larger governmental entity could be considered. Schaefer, 859 F.2d at 1255. The court stated that "our ruling today obviates the need for us to determine at this time whether joinder of the larger entity is a prerequisite to maintenance of an ADEA claim." Schaefer, 859 F.2d at 1255 n.4. Therefore, the issue was not addressed by the Seventh Circuit.

This court declines to decide this issue at this time. Defendant raised this argument in its Reply so Plaintiffs have not had an opportunity to respond. Further, at the time Defendant's Reply was filed, the deadline for amending pleadings and adding parties had not yet run in this case. It is possible that Plaintiffs will seek to amend their Complaint to add the Department as a defendant. This court notes, however, that Plaintiffs' Complaint states that they filed a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC). The Complaint does not indicate whether a charge of discrimination was filed against the Department. "Ordinarily, a party not named in an EEOC charge may not be sued." Uhlman, 2009 WL 799536, at *3. Therefore, if the Department was not also named as a respondent in the charge of discrimination filed by Plaintiffs, the Department could seek dismissal of an action against it for failure to exhaust administrative remedies. See Uhlman, 2009 WL 799536, at *3-4. This issue is not currently before the court and this court does not need to decide how this will impact Defendant's potential liability under the ADEA.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Dismiss (#4), treated as a motion for summary judgment, is DENIED.

(2) This case is referred to the Magistrate Judge for further proceedings.

ENTERED this 5th day of January, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE