## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| **MARILYN PARKER and TIM McMAHON,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | **Lead Case. 09-2163** |
| ) | **Case No: 08-2175** |
| **THE MACON COUNTY SOIL and WATER** ) | |
| **CONSERVATION DISTRICT, MARK** ) | |
| **CHENOWITH, DENNIS BORK, STEVE** ) | |
| **GARNER and WILLIAM ARTER,** ) | |
| ) | |
| **Defendants.** ) | |

## **OPINION**

This case is before the court for a ruling on the Motion for Summary Judgment (#20) filed by Defendant Macon County Soil and Water Conservation District and four members of its Board of Directors. This court has carefully reviewed the arguments and documentation submitted by both parties. Following thorough consideration, Defendants' Motion for Summary Judgment (#20) is GRANTED.

## FACTS

On July 29, 2008, in Case No. 08-CV-2175, Plaintiffs, Ms. Marilyn Parker (Parker) and Mr. Tim McMahon (McMahon), filed a Complaint (#1) in this court against The Macon County Soil and Water Conservation District (District) and four of its directors, including Mark Chenowith (Chenowith), Dennis Bork (Bork), Steve Garner (Garner) and William Arter (Arter), each being a member of the District's Board of Directors.[1] Plaintiffs' complaint includes twelve

---

[1] On July 2, 2009, Plaintiffs filed another complaint against the District in Case No. 09-CV-2163, alleging age discrimination. Plaintiffs' two cases were consolidated on November 4, 2009.

counts; Counts I-X alleged deprivation of property without due process pursuant to 42 U.S.C. § 1983, while Counts XI-XII alleged breach of contract claims pursuant to Illinois state law. In Counts I-X, Plaintiffs claim they had a property interest in continued employment with the District and the termination of said interest without a pre- or post-deprivation hearing violated Plaintiffs' Due Process guarantees under the Fourteenth Amendment. With respect to Counts XI-XII, Plaintiffs claim that under the terms of their contract with the District they could not be terminated without cause; thus, the District's subsequent termination of both Parker and McMahon absent cause constitutes a breach of contract under Illinois law. While Counts I-X name both the District and the aforementioned District board directors as Defendants, Counts XI-XII name only the District as Defendant.

The documentation of both parties reveals the following facts are undisputed. Between 1993 and August 31, 2006, Plaintiff Parker served as the Executive Director and Resource Conservationist for the District. Between July 1996 and August 31, 2007, Plaintiff McMahon served as a District Watershed Technician. The District is a local government unit organized pursuant to the Illinois Soil & Water Conservation Act, 70 Ill. Comp. Stat. 405/1 et seq, which provides a variety of soil and water conservation services to those in Macon County, Illinois. The District receives over half of its operating budget from grants issued by the Illinois Department of Agriculture (Department). As a condition for such funding, the Department requires District employees to sign a "Soil and Water Conservation District Salary & Benefits Contract" annually, with the Department preparing and providing said form. Both Parker and McMahon were employed by the District pursuant to such a contract, with the effective term of each contract running from September 1 – August 31 of the respective calendar year. Thus, over

the course of employment with the District Parker signed thirteen annual "Salary and Benefit Contracts" while McMahon signed eleven.

In addition to the aforementioned contracts, the Department also published and provided the District with a District Operational Handbook (DOH) to pass along to employees, part of which was devoted to "Personnel Policies." According to the DOH, "Personnel Policies" are those policies "that explain the relationship between the District and its employees and specifically list what the employees should be able to expect from the SWCD [i.e. District] as well as what the SWCD expects from the employees." (Defs.' Ex. G(1) at 6). The aforementioned employment contracts entered into by Plaintiffs incorporated such DOH policies, and each Plaintiff was provided with a current DOH. Both Park and McMahon continued working for the District after reviewing such policies.

On August 31, 2006, Parker's employment with the District concluded with the expiration of her contract, as the District Board decided not to enter into another annual employment contract. The record indicates Parker entered into this last contract on September 20, 2005, which was effective for the time period between September 1, 2005 and August 31, 2006. Parker was informed of the District's decision via a letter in late July 2006. The following year, on August 31, 2007, McMahon's employment with the District ended with the expiration of his contract as the District Board decided, as in Parker's case, not to pursue another annual contract. The record indicates McMahon entered into this last contract on September 13, 2006, with the contract covering the period between September 1, 2006 – August 31, 2007. McMahon was informed of the District's decision during an August 2007 meeting of the

District's Board of Directors. The District conducted no hearing either prior to, or following, the termination of Parker and McMahon.

At all times relevant to the Complaint, Defendants Chenowith, Bork, Garner and Arter served as directors of the District, elected by eligible voters owning or occupying land within the District in accordance with the Illinois Soil & Water Conservation Act, 70 Ill. Comp. Stat. 405/1 et seq.

## ANALYSIS

### I. SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56(b), a defending party "may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Summary judgment should be "rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). As the Supreme Court noted in Celotex Corp. v. Catrett, one of the primary purposes of the summary judgment rule is to "isolate and dispose of factually unsupported claims or defenses." 477 U.S. 317, 323-24 (1986).

When evaluating a motion for summary judgment, a district court has a singular task: "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In determining if a genuine issue of material fact exists, the court is to believe the evidence of the non-movant and "all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), citing Adikes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

However, the nonmovant cannot rest on mere allegations or denials to defeat summary judgment; "instead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). Thus, in order to survive summary judgment, the nonmovant is required to make a sufficient showing for each essential element of its case on which it bears the burden at trial. Celotex, 477 U.S. at 322-23. If the court determines no issue of materiality exists, i.e. the record reveals that no reasonable jury could find for the non-moving party, summary judgment is appropriate. Karazanos v. Navistar Int'l Transp. Corp., 948 F.2d 332, 335 (7th Cir. 1991).

## II. MERITS OF PLAINTIFFS' CLAIMS

The District argues it is entitled to summary judgment as Plaintiffs failed to establish either a breach of contract under Illinois law or a violation of 42 U.S.C. § 1983 as Plaintiffs lacked a legally recognizable property interest in continued employment with the District. Additionally, the individually named Defendants claim summary judgment is appropriate as they were improperly named as Defendants and cannot be sued in an individual capacity. As the following sections will demonstrate, summary judgment is warranted on all counts, even when drawing all inferences in a light most favorable to the non-moving party. Plaintiffs have ultimately failed to prove the essential elements of their case and that no genuine issues of material fact are present.

## A. BREACH OF CONTRACT CLAIM

The District claims summary judgment is appropriate as to Counts XI-XII, as the plain language of the employment contracts in question indicates Plaintiffs were not entitled to continued employment upon expiration of their contracts. The District also claims Plaintiffs

were not entitled to specific "disciplinary procedures," i.e. a pre- or post-deprivation hearing, if such annual employment contracts were not renewed. This court agrees with the District's contention that Plaintiffs have failed to demonstrate either the plain language of the contract or a mutual understanding between the contracting parties warranted mandatory renewal. Thus, the District was not limited in its ability to discharge Parker and McMahon once the contract term ended. As such, there is no genuine issue of material fact and Plaintiffs' breach of contract claim under Illinois law is meritless as to Counts XI-XII.

As a general rule, "the construction, interpretation, or legal effect of a contract is a matter to be determined by the court as a question of law." Avery v. State Farm Mut. Auto Ins. Co., 835 N.E.2d 801, 821 (Ill. 2005). Furthermore, under Illinois law, which governs the contractual issue in this case, employment contracts are subject to the same general rules of construction as any other contract. Goodman v. Bd. of Tr. of Cmty. Coll. Dist. 524, 511 F.Supp. 602, 605 (N.D. Ill. 1981). Illinois law also dictates the starting point of any contract analysis is the contractual language itself. Church v. Gen. Motors Corp., 74 F.3d 795, 799 (7th Cir. 1996); see also Lumpkin v. Envirodyne Indus., Inc., 933 F.2d 449, 456 (7th Cir. 1991). Thus, in reviewing Plaintiffs' employment contracts with the District, this court must first examine the language itself. If the language therein "unambiguously answers the question at issue, the inquiry is over." Church, 74 F.3d at 799.

According to the "Soil and Water Conservation District Salary and Benefits Contract," the term of employment between Plaintiffs and the District was to run between September 1 and August 31 of the respective calendar year at the time of signing. No further text is located in the contractual section, entitled "Effective Date/Amendments of Contract." Additionally, nowhere

does the document mention either Parker or McMahon's entitlement to their respective positions once the effective date of the agreement is over; words indicating mandatory or expected renewal are wholly absent.

  Defendant also argues that even if the court finds some ambiguity in Plaintiffs' Annual Salary and Benefit Contract, the Personnel Index (Defs.' Ex. H(1)) represents the most objective evidence (outside of the four corners of the contracts themselves) regarding the intent of the contracting parties. Therein, it provides that employment contracts for all District employees are to run from September 1 – August 31 of the contractual year. (Defs.' Ex. H(1) at 35). Additionally, the Personnel Index does not refer to an employee's entitlement to continued employment or the District's duty to renew an employee's year-long contract.

  Nevertheless, Plaintiffs allege such entitlement is present and that the appropriate contractual language to consult is not the aforementioned salary and benefits contract or Personnel Index, but the DOH and the "Personnel Policies" therein. For Parker and McMahon, the DOH and its policies more accurately and fully reflect the terms of employment. As Plaintiffs' Memorandum in Opposition to Summary Judgment (#25) asserts, the DOH created a binding contract between the District and Plaintiffs, as Illinois law has recognized an employee handbook or other policy statement may create "enforceable contractual rights if the traditional requirements for contract formation are present." Duldulao v. Saint Mary of Nazareth Hosp. Ctr., 505 N.E.2d 314, 318 (Ill. 1987). More specifically, Plaintiffs contend the "Personnel Policies" section within the DOH mandates that "the end of an employment relationship with the district" falls within one of the following categories: 1) resignation; 2) mutual agreement; 3) reduction in force (i.e. job elimination due to financial considerations); and 4) unsatisfactory

performance. (Defs.' Ex. G at 9). From the foregoing language, Plaintiffs conclude, a District employee reviewing such a policy would reasonably believe employment could only be ended for cause. Thus, in terminating Parker and McMahon without cause, i.e. simply refraining from renewing their annual salary and benefit contract at the term's conclusion, the District violated its contractual obligations. Consequently, a genuine issue of material fact exists with respect to the breach of contract claim and summary judgment is inappropriate.

While Plaintiffs are correct that the DOH and the personnel policies therein are undoubtedly binding on both parties, they are neither dispositive nor do they remain in effect past the term of the salary and benefit contract. The second paragraph of both Parker and McMahon's salary and benefit contract reads:

> Illinois Department of Agriculture (IDA), Bureau of Land and Water Resources (BLWR) employment policies and minimum standardized benefits provided to the EMPLOYEE, are contained in the Soil and Water Conservation District Operational Handbook, Personnel Section, and upon execution of this contract are agreed to by the EMPLOYER and EMPLOYEE.

This statement confirms that both Plaintiffs and the District agreed to abide by the terms and policies of the DOH. However, nowhere in that paragraph, or anywhere else in the DOH or the salary and benefit contract, is it stated that the DOH personnel policies supersede all else. In fact, the employee signature page at the end of the "Personnel Policies" explicitly reads:

> I [the undersigned], have read and do understand the MACON County Soil and Water Conservation District Personnel Policies. All questions have been answered to my satisfaction. I also understand that these policies are in effect *for the term of my contract*. Any changes in these policies during the term of the contract must be made by mutual consent between the employees and the board of directors. (emphasis added)

Plaintiffs fail to acknowledge this paramount section, i.e. the understanding that these policies are

8

only in effect for the term of Plaintiffs' contract. This portion of the agreement reveals that while the DOH personnel policies are binding, they are only binding during the one-year term outlined in Plaintiffs' salary and benefits contract. Given this fact, Plaintiffs' belief that the salary and benefit contract did not actually establish a term of employment but merely addressed wages and fringe benefits is wholly unreasonable. As long as the District did not terminate Plaintiffs during the contract term without cause, which the record indicates it did not, the four aforementioned restraints on termination have no hold past the contract term. In essence, once the one-year term ended, the District was not obliged to either renew or only terminate for cause. Though Plaintiffs would have this court believe otherwise, neither the salary and benefit contract nor the DOH speaks of contract renewal. As Defendants' Motion for Summary Judgment (#20) appropriately states, "the parties made no agreement that the defendant had to follow any particular procedures in determining whether to renew or extend the Annual Employment Contracts." (p. 7). Therefore, neither a reasonable employee nor a reasonable jury would find the District committed a breach of contract under Illinois law. As the District simply determined not to renew Plaintiffs' annual contracts, a breach of contract is absent and therefore a trial is unwarranted as to Counts XI-XII.

## B. DUE PROCESS CLAIM

Defendants also maintain summary judgment is warranted as to Counts I-X, the claims pursuant to 42 U.S.C. § 1983. More specifically, Defendants argue Plaintiffs' claims that they were fired without procedural due process are meritless as Parker and McMahon possessed no protectable property interest in continued employment. Under 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected,

9

> any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws, shall be liable to the party injured in an action at law, suit in equity or other proper procedure for redress. . . .

According to the Seventh Circuit, the standard elements of a due process claim include whether "the plaintiff suffered a deprivation of a cognizable property or liberty interest, and whether any such deprivation occurred without due process." Omosegbon v. Wells, 335 F.3d 668, 674 (7th Cir. 2003); see also Bigby v. City of Chicago, 766 F.2d 1053, 1056 (7th Cir. 1985) (noting that to make out a case under the due process clause one must "show first that one was deprived of life, liberty, or property, and second that the deprivation was brought about without due process."). Plaintiffs Parker and McMahon claim they have a property right based on a claim of entitlement to contract renewal. However, the following analysis will demonstrate plaintiffs fail to satisfy the first element and as such, an examination of the other elements is superfluous.

To satisfy the first element of a due process claim, a viable and protectable property interest, a plaintiff must be able to "point to a substantive state-law predicate creating that interest." Omosegbon, 335 F.3d at 674. In Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972), the United States Supreme Court phrased the concept this way:

> Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stems from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

In order to prove such entitlement in the employment context, the Seventh Circuit has generally required a plaintiff show either: 1) the terms of his employment provide for termination only "for cause;" or 2) the terms of his employment otherwise evince "mutually explicit understandings" of

continued employment. Colburn v. Trs. of Ind. Univ., 973 F.2d 581, 589 (7th Cir. 1992); citing Perry v. Sindermann, 408 U.S. 593, 601 (1972). The record indicates Plaintiffs fail to satisfy either and that a reasonable jury would not find otherwise.

As discussed extensively in Section A, neither Plaintiffs' salary and benefit contract nor the DOH state, or even suggest, that the District was required to renew employee contracts thereby entitling Plaintiffs to continued employment and thus a property right. While the terms of Plaintiffs' contracts do provide for termination only for "cause," such limitations are solely confined to that term. Furthermore, courts have held a discretionary re-appointment system may never serve as grounds for a property interest unless "an employer's discretion is clearly limited so that the employee cannot be denied employment unless specific conditions are met." Omosegbon, 335 F.3d at 675, quoting Colburn, 973 F.2d at 589. While the District's discretion is limited to four situations in which employees may be terminated, such limitations are only valid during the contract term. Though Plaintiffs have a protectable property interest during each one-year term of their salary and benefit contract, that protectable interest terminates at the close of the contract term. Once the contract term ends, it is immaterial whether specific conditions are met; there is no cognizable property interest and a District employee's contract renewal may be denied for any reason. Such is precisely what occurred in the case at bar; near the end of Plaintiffs' respective contract term with the District, the District simply determined not to renew Parker and McMahon's contract, though it had done so for numerous years beforehand.

Furthermore, Plaintiffs fail to possess a property interest as there was no mutual understanding of continued employment; instead, only a unilateral and unreasonable expectation on the part of Parker and McMahon existed. If a property interest is not explicitly established in

11

an employment contract, it may be made "out by a showing of a de facto re-employment or tenure system such as where there are 'mutually explicit understandings' which include a promise of continued employment." Colburn, 973 F.2d at 589, quoting Perry, 408 U.S. at 601 (1972).  In essence, a constitutionally protected property interest may arise through a mutual understanding between parties.  In contrast, a unilateral expectation is insufficient.  The Supreme Court has affirmatively held that to have a property interest in a benefit (in this case continued employment), a person "clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it." Roth, 408 U.S. at 577.  Furthermore, in Colburn, the Seventh Circuit held a single employee's belief that reappointment at Indiana University occurred as a matter of course did "not establish that this was an official University policy." 973 F.2d at 592.  Instead, the Court ruled that to establish such a property interest, Indiana University must specifically enter into an agreement to create one. Colburn, 973 F.2d at 592.  Finally, in Ricker v. Fulton County Soil & Water Cons. Dist., 800 F. Supp. 636 (C.D. Ill. 1992), the district court ruled that Plaintiff, a former employee of the Fulton County Soil and Water Conservation District, presented no evidence that either local custom or usage entitled her to contract renewal and continued employment.  The mere fact that Plaintiff's year-long contract had been renewed the preceding two years did not establish the requisite mutual understanding necessary to create an implied property interest.  Instead, this court held that "[a]t best, this demonstrates only that Plaintiff had a unilateral expectation of renewal, which does not create a property interest." Ricker, 800 F. Supp. at 640.

As in Ricker, Plaintiffs Parker and McMahon have failed to demonstrate a genuine issue of material fact as to whether a mutual understanding of continued employment existed between

12

the contracting parties. Parker's Declaration (#25-1) states, "during the nearly thirteen years I was employed by the District, I know of no other situation in which an employee was not extended a wage and benefit agreement for the next twelve month period following the expiration of that employee's current agreement." McMahon's declaration echoes these sentiments, indicating that during the nearly eleven years he was employed by the District, "he knew of no other situation, except Parker's, in which an employee was not extended a new agreement for the next twelve month period following the expiration of that employee's current agreement." While this may be true, Plaintiffs have not successfully established this fact gives rise to a property right to continued employment arising out of local custom or usage. Nothing else in the record suggests an established policy or custom which "may be used as evidence that a mutually explicit understanding exists." Davis v. City of Chicago, 841 F.2d 186, 188 (7th Cir. 1988); see also Lee v. County of Cook, 862 F.2d 139, 142-43 (7th Cir. 1988).

In addition, each defendant who was a member of the District's Board of Directors at all times relevant to the Complaint has stated he was "not aware of any past or present policy or custom of the Macon County Soil & Water Conservation District entitling employees to renewal of their Annual Employment Contracts absent good cause for non-renewal" (Exh. C-F). Furthermore, the conduct of Plaintiffs and the District during the time in question suggests no mutual understanding that either Parker or McMahon's annual contract was to be renewed indefinitely; an expectancy of continued employment on the part of both parties is wholly absent.

Moreover, Defendants' response (#26) to Plaintiffs' Opposition to the Motion for Summary Judgment (#25) rightly argues it would be illogical and inefficient for this court to construe Plaintiffs' employment contracts as lifetime appointments (absent cause for termination)

13

as it would allow a preceding District board to tie the hands of all successive boards and prevent effective operation of the District itself.  See Millikin v. Edgar County, 32 N.E. 493 (Ill. 1892); Cannizzo v. Berwyn Twp. 708 Cmty. Mental Health Bd., 741 N.E.2d 1067 (Ill. App. Ct. 2000); Grassini v. DuPage Twp., 665 N.E.2d 860 (Ill. App. Ct. 1996).  As the Handbook for Illinois Soil and Water Conservation District Directors indicates, the term of each elected board member is two years, with terms of office beginning on the first Monday of March of the year in which the directors are elected. (Defs.' Ex. G(1) at 8).  Thus, even if Parker and McMahon's contract was to last longer than a year, which is explicitly contrary to what is stated in their salary and benefit contract with the District, logic dictates the longest Plaintiffs' contracts could actually last given the aforementioned precedent would be two years.

This court ultimately agrees with Defendants' contention that Plaintiffs lacked a constitutionally protected property interest in continued employment, and thus no hearing was constitutionally owed to them upon the District's decision to decline contract renewal.  Plaintiffs have failed to demonstrate a genuine issue of material fact as to the existence of a property right stemming from either the language of their employment contracts or from an implied mutual understanding of continued employment with the District.  Therefore, no due process violation occurred and summary judgment is warranted as to Counts I-X.

### C. INDIVIDUAL BOARD MEMBERS AS PARTIES

Finally, Defendants claim summary judgment is appropriate as to the individual Defendant board members, i.e. Chenowith, Bork, Garner and Arter.  More specifically, Defendants' counsel argues each defendant (save the District) was not a party to the contract in any individual capacity; thus, any breach of contract claim against said individuals is meritless.

14

Defendants rely on Omosegbon to support this contention. Therein, a junior and untenured Indiana State University (ISU) Professor, Mr. Oladele Omosegbon (Omosegbon) brought suit against ISU and various members of the university. As in the case at bar, Omosegbon brought: 1) a deprivation of due process claim under 42 U.S.C. § 1983; and 2) a breach of contract under Indiana state law for failure to renew his employment contract with ISU. Omosegbon, 335 F.3d at 671. The Seventh Circuit upheld the district court's dismissal of the 42 U.S.C. § 1983 due process claim against individual ISU employees noting, "[t]he individuals, after all, were not even parties to the contract in their individual capacity." Id. at 673. Furthermore, the fact that Omosegbon sought backpay and other forms of monetary compensation which would certainly be paid by the state rather than any ISU individuals, led the Seventh Circuit to find the case "bears no resemblance to a bona fide individual capacity suit." Id. Thus, the Court of Appeals affirmed the lower court's summary judgment ruling and dismissed the § 1983 claim against the individual ISU defendants.

    Like the individual defendants discussed in Omosegbon, Chenowith, Bork, Garner and Arter were not parties to the contract between the District and Plaintiffs. Defendants' Exhibits A and B, copies of Parker and McMahon's final annual contract with the District, clearly indicates none of the individual Defendants named above were contracting parties even though both contracts were signed by an individual board member on behalf of the District. For example, Parker's final contract states: "This Salary and Benefits contract by and between the Macon County Soil and Water Conservation District, herein referred to as the EMPLOYER, and Marilyn Parker herein referred to as the EMPLOYEE, sets forth certain conditions and agreements as follows." The bottom of the agreement contains Parker's signature (as Employee) and that of the

15

Soil and Water Conservation District Chairman (representing Employer). A copy of McMahon's final "Salary and Benefit" contract with the District contains each of the aforementioned sections, though it is signed by a different District Chairman. Thus, the contractual language indicates it is an agreement between the District and the individual Plaintiffs, rather than any individual Defendants. This is reinforced by the Personnel Index (Defs.' Ex. H(1)) which explicitly states, "Each contract shall be an agreement between the district and the employee and must be signed by the chairman of the district of the employee." (Defs.' Ex. H(1) at 35).

In order to bypass this explicit and unambiguous language, Plaintiffs assert their claims against Chenowith, Bork, Garner and Arter are procedural due process claims pursuant to 42 U.S.C. § 1983 rather than breach of contract claims, and therefore Defendants' contention that said individuals are improperly named as parties is of little consequence. In their response to Defendants' Motion for Summary Judgment (#25), Plaintiffs seek to distinguish <u>Omosegbon</u> from the case at bar as the present case involves "constitutionally driven" claims against Defendants in an individual capacity and not those based on a contract in which Defendant's were not actual parties. Plaintiffs contend the only reason to rely on Parker or McMahon's contract with the District is if/when "they might need to show that the property interest they had in their employment with the District arose from such a contract." (#25 at p. 25). However, as previously discussed in section B, Plaintiffs lack a property interest in continued employment and therefore, any claim they have against Chenowith, Bork, Garner and Arter is moot. The fact that Plaintiffs lack a legally recognizable property interest entitling them to constitutionally protected due process indicates the aforementioned Defendants are not liable to either Parker or McMahon, even if they were found to be parties to Plaintiffs' contract in an official capacity.

16

Ultimately, Plaintiffs have failed to provide this court with any definitive or compelling evidence in response to the District's well-supported Motion for Summary Judgment. As discussed in each of the aforementioned sections, Plaintiffs have failed to prove that any issue of material fact exists and that a fair-minded jury would return a verdict on their behalf based on the evidence presented. Thus, Defendants' Motion for Summary Judgment must be granted.

IT IS THEREFORE ORDERED THAT:

(1) The Macon County Soil and Water Conservation District's Motion for Summary Judgment (#20) is GRANTED.

(2) The District's Motion for Oral Argument (#21) is DENIED as moot.

(3) Case No. 08-CV-2175 is terminated. Plaintiffs' consolidated case, Case No. 09-CV-2163, remains pending and is referred to the Magistrate Judge for further proceedings.

ENTERED this 7th day of July, 2010.

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE